# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE, ET AL.,

        Plaintiffs,

vs.

UNITED BEHAVIORAL HEALTH, ET AL.,

        Defendants.

CASE NO. 17-cv-06456-YGR

**ORDER GRANTING MOTION FOR REMAND AND DENYING COUNTER-MOTION FOR FEES AND COSTS**

Re: Dkt. Nos. 30, 31, 39.

Plaintiffs bring this action against defendants for breach of contract and insurance bad faith associated with defendants' denial of coverage for plaintiffs' daughter's medical treatment. Now, defendants move to remand the case to San Francisco Superior Court on the grounds that the plan at issue is not covered by the Employee Retirement Income Security Act ("ERISA") and therefore does not provide grounds for subject matter jurisdiction. (Dkt. No. 30 ("Motion").) Plaintiffs favor remand and do not oppose defendants' motion. However, plaintiffs now cross-move for defendants to pay plaintiffs' attorneys' fees and costs resulting from defendants' removal of this action to federal court. (Dkt. No. 31 ("Cross-Motion").)

The Court has reviewed the papers submitted by the parties in connection with defendants' Motion and plaintiffs' Cross-Motion and has determined that the motions are appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the hearing set for May 15, 2015 is VACATED.

Having carefully reviewed the pleadings and the papers submitted, and for the reasons set

forth more fully below, the Court **GRANTS** defendants' motion for voluntary remand[1] and **DENIES** plaintiffs' cross-motion for attorneys' fees and costs.[2]

## I. BACKGROUND

### A. Nature of Action

Plaintiffs' daughter LD[3] was born HIV-positive. (Dkt. No. 1-1 ("Compl.") at ¶ 1.)  Now an adolescent, LD has been diagnosed with severe mental illness and emotional disturbance much of which is related to trauma she experienced as a young child.[4] (*Id.*)  In May and June 2015, LD was hospitalized due to a worsening of her conditions. (*Id.* at ¶ 3.)  Upon discharge from the hospital, LD's healthcare providers unanimously recommended that she be immediately transferred to residential treatment. (*Id.*)

Plaintiffs allege that defendants initially approved coverage for LD's treatment in a residential facility, including an express acknowledgement of the medical necessity of the aforementioned treatment.  Plaintiffs allege that defendants subsequently improperly rescinded their approval upon learning that no in-network facilities were willing to admit plaintiffs' daughter due to her HIV-positive status.  During the relevant period, LD received health insurance coverage through employee plans (collectively, the "Plan") sponsored by the school district that employs

---

[1] Both parties agree that plaintiffs' action does not arise under ERISA and therefore lacks subject matter jurisdiction under 28 U.S.C. § 1331. (Motion at 2; Cross-Motion at 2.)  Therefore, the Court finds that voluntary remand to San Francisco Superior Court is proper in this action. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[2] The Court also **GRANTS** plaintiffs' administrative motion to file under seal certain exhibits filed in support of their cross-motion.  This terminates Dkt. No. 39.

[3] Plaintiffs refer to their daughter by a pseudonym in their complaint, in violation of Fed. R. Civ. P. 5.2(a).  Counsel shall refer to plaintiffs' minor child by the initials LD.

[4] Plaintiffs adopted LD from an orphanage in an impoverished African nation when she was six years old. (Compl. ¶ 1.)  LD lost both of her biological parents at an early age to AIDS after which she was placed in an orphanage, where she contracted tuberculosis. (*Id.*)

her parents, plaintiffs here, both of whom are public school teachers, and underwritten by

defendants.[5] (Compl. ¶ 2.)

## B. Facts Related to Removal & Remand

Plaintiffs filed this action on September 22, 2017 in San Francisco Superior Court

asserting causes of action for breach of contract and insurance bad faith and seeking an award of

unpaid benefits, with interest, punitive damages, and attorneys' fees. (Compl. ¶¶ 9, 39-49.) On

November 6, 2017, defendants removed this action, arguing that plaintiffs' claims were preempted

by ERISA. (Dkt. No. 1 ("Removal Notice") at ¶1.) In support of removal, defendants asserted

that the Plan is part of an employee welfare benefit plan established or maintained by a Voluntary

Employee Benefit Association ("VEBA") to provide participants, including plaintiffs, with health

benefits. (Id. at ¶ 5.) Prior to defendants' instant potion, plaintiffs have not sought remand of the

matter to state court.

Plaintiffs' Plan was issued through a voluntary employee benefits association know as

Southern California Schools VEBA ("CS VEBA"). (Cross-Motion at 3.) CS VEBA is the result

of an effort by numerous public school districts and unions to pool their purchasing power and

secure benefits for their employees. (Id.) Participating school districts are required to contribute

funds to the CS VEBA as set out in the relevant collective bargaining and participation

agreements, and plaintiffs' employer contributes 100% of health insurance premiums for all

salaried employees of the district. (Id.) CS VEBA was created pursuant to a trust agreement

executed by the founding school districts and unions ("Trust Agreement"). (Dkt. No. 32-7 at 1.)

---

[5] Prior to July 1, 2015, LD was enrolled in an HMO plan that was underwritten by both UnitedHealthcare of California and U.S. Behavior Health Plan, California ("USBHPC"). USBHPC a subsidiary of defendant United Behavioral Health, operating as OptumHealth Behavioral Solutions ("Optum"), and is headquartered in San Francisco. (Compl. ¶ 2.) As of July 1, 2015, LD was enrolled in a PPO plan that was underwritten by defendant United Healthcare Insurance Company ("UHIC"). (Id.) At all relevant times, Optum administered mental and behavioral health benefits under both the HMO and PPO plans. (Id.)

The Trust Agreement, which can be found on CS VEBA's public website, states that CS VEBA was created from contributions made by the public school districts.  (*Id.* at 3.)

Shortly after defendants' notice of removal, plaintiffs' counsel informed defendants' counsel of his belief that the Plan was established and maintained by plaintiffs' government employer and was therefore exempt from ERISA.  (*Id.* at 4.)  The parties' counsel subsequently communicated regarding the applicability of ERISA and on November 13, 2017, defendants' counsel emailed plaintiffs' counsel: "As we discussed, we've agreed that the below extension . . . applies to the time to file a response . . . while you further investigate the ERISA issue.  United determined that this is an ERISA plan, . . . .  If you determine that evidence shows that this is not actually an ERISA plan, provide that evidence to us as soon as possible and, if convincing, we will agree to a joint motion to remand."  (Dk. No. 32-1.)

On December 18, 2017, plaintiffs informed defendants that neither plaintiffs' employer nor CS VEBA had ever filed federal tax forms required for ERISA plans.  (Cross-Motion at 5.)  On January 9, 2018, plaintiffs provided defendants with written statements from plaintiffs' employer and CS VEBA that the Plan was not subject to ERISA.  (*Id.*)  Following plaintiffs' issuance of subpoenas to CS VEBA, on March 13, 2018, a representative of CS VEBA spoke with defendants' counsel and made him aware of CS VEBA's position that the Plan was not subject to ERISA.  (Dkt. No. 32-8.)

Two days later, on March 15, 2018, defendants proposed that the parties stipulate to proceed under state law but keep the case in federal court by voluntarily dismissing defendant United Behavioral Health in order to create diversity jurisdiction.  (Dkt. No. 32-9.)  Plaintiffs rejected this proposal.  (*Id.*)  On March 19, 2018, plaintiffs' counsel received and subsequently produced to defendants a declaration of the CEO of CS VEBA's third-party administrator attesting that CS VEBA is a governmental plan exempt from ERISA.  (Dkt. No 32-10 at ¶ 7.)  In response to plaintiffs' production, defendants' counsel  responded that the documents produced "do not

4

answer the question" of whether remand is appropriate but nonetheless agreed to proceed outside of ERISA. (Dkt. No. 32-11.)

## II. DISCUSSION

To succeed on a motion for attorneys' fees and costs associated with removal under 28 U.S.C. 1447(c), a moving party must show that the removing party did not have an objectively reasonable basis for said removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see e.g.*, *Associates Nat. Bank v. Erum*, 206 Fed. Appx. 666, 668 (9th Cir. 2006). Additionally, the Ninth Circuit has found that when the basis for removal is a "close question," an objectively reasonable basis for seeking removal exists. *Gardner v. UICI*, 508 F.3d 559, 562-63 (9th Cir. 2007). Further, the Court notes that the timing for removing a case to federal court is strictly construed. 28. U.S.C. § 1446(b); *see Roth, et al v. CHA Hollywood Medical Center, L.P., et al*, 720 F.3d 1121 (9th Cir. 2013).

In this instance, whether defendants had an objectively reasonable basis for removal rests on whether their belief that plaintiffs' action arose under ERISA was objectively reasonable. (Cross-Motion at 6.) In the Ninth Circuit, an employee welfare benefit plan or welfare plan exists under ERISA Section 3(1) where there is:

> (1) a "plan, fund or program" (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits (5) to the participants or their beneficiaries."

*Kanne v. Conn. General Life Ins.*, 867 F.2d 489, 491-92 (internal citation omitted). The parties dispute only the third factor—involvement of "an employer or employee organization . . . ."

Here, through a measure of discovery, the parties learned as follows: plaintiffs' employer, a public school district and a governmental organization, established CS VEBA and the Plan in concert with other public school districts in order to provide benefits to their employees. (Cross

5

Motion at 7.) Plaintiffs' employer and other school districts managed and maintained CS VEBA and the plan through their appointment of half of CS VEBA's board members and through their contribution of funds and identification of eligible employees. (*Id.* at 7-8.) However, even though the Plan was established and/or maintained by CS VEBA rather than plaintiffs' employer, the Plan could not be subject to ERISA because CS VEBA is not an employee organization as defined by ERISA.

ERISA defines "employee organization" as:

> any labor union or any organization of any kind, or any agency or employee representation committee, association, group, or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning an employee benefit plan, or other matters incidental to employment relationships; or any employees' beneficiary association organized for the purpose in whole or in part, of establishing such a plan.

29 U.S.C. § 1002(4). CS VEBA fails to meet this criteria as it is neither a labor union, nor an organization of employees that exists to negotiate with employers because it was created, and continues to be managed, by the employer school districts themselves. (Cross-Motion at 9.) Nor is CS VEBA a "employees' beneficiary association" because it does not satisfy the criteria outlined by the Department of Labor. Namely, CS VEBA fails the requirement that "membership in the association must be conditioned on the employment status- for example, membership is limited to employees of a certain employer or union." *See* DOL ERISA Op. Letter 79-19A at 2 (Mar. 15, 1079). In order to meet this criterion, an association's members must have some commonality of interest with respect to their employment relationships, which cannot exist where the Plan's members are drawn from multiple employers or are united only insofar as they are employed in the same industry. *See Macias v. California Law Enf't Ass'n*, 2009 WL 1621303, at *3 (N.D. Cal. June, 5, 2009).

Although defendants ultimately conceded they were incorrect in their belief that plaintiffs' action arose under ERISA, they did not act unreasonably in removing the action. All factors other

6

than the third, i.e. the presence of a non-government employer or employee organization, suggested that ERISA applied. Whether the Plan was established by plaintiffs' government employer or CS VEBA and whether CS VEBA acted as an employee organization were not patently obvious. Therefore, defendants' determination, although incorrect, was not unreasonable.[6]

Additionally, prior to defendants' instant potion, plaintiffs did not move for remand. Although the failure to seek remand is not dispositive, it is one factor that a court may consider in determining whether to award fees. *Martin*, 546 U.S. at 711.

**III.     CONCLUSION**

For the foregoing reasons, the Court **GRANTS** defendants' motion for voluntary remand and **DENIES** plaintiffs' motion for fees and costs associated with removal.

This Order terminates Docket Numbers 30, 31, and 39.

**IT IS SO ORDERED.**

Dated: May 14, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[6] The Court finds that there are no unusual circumstances present here that warrant a departure from *Martin* rule. *See Martin*, 546 U.S. at 711. Although plaintiffs allege that defendants engaged in "strategic" maneuvers regarding removal and remand of this case (Reply at 1-2), based on the record before the Court, the Court does not find that defendants' conduct rose to the level of gamesmanship.